Natalia D. Asbill-Bearor, SBN 281860
**ASBILL LAW GROUP, a Professional Law Corporation**
100 Howe Ave., Ste. 135S
Sacramento, California 95825
Telephone: (916) 438-7777
Facsimile: (916) 877-4227
natalia@asbilllaw.com

Attorneys for Plaintiff
SHANNA KUHLEMIER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| SHANNA KUHLEMIER<br><br>Plaintiff,<br><br>vs.<br><br>THE TRUCKEE DONNER PUBLIC UTILITY DISTRICT, a political subdivision of the State of California<br><br>Defendant. | **Case No.**<br><br>**COMPLAINT FOR:**<br><br>1. **RETALIATION IN VIOLATION OF LABOR CODE §1102.5;**<br>2. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**<br>3. **DISCRIMINATION IN VIOLAITON OF FMLA;**<br>4. **RETALIATION IN VIOLATION OF CFRA;**<br>5. **RETALIATION IN VIOLATION GOVERNMENT CODE §12940, ET SEQ.;**<br>6. **FAILURE TO PREVENT RETALIATION IN VIOLATION GOVERNMENT CODE §12940**<br><br>**DEMAND FOR JURY TRIAL** |

Asbill Law Group
100 Howe Ave.
Suite 135S
Sacramento, CA 95825
916-438-7777
www.asbilllaw.com

1
COMPLAINT – KUHLEMIER v. TDPUD

COMES NOW Plaintiff SHANNA KUHLEMIER (herein after "KUHLEMIER") and alleges against Defendant THE TRUCKEE DONNER PUBLIC UTILITY DISTRICT (herein after "TDPUD"), a political subdivision of the State California as follows:

## GENERAL ALLEGATIONS

1. This Court has original jurisdiction over this suit pursuant to 28 U.S.C. section 1331 in that it arises under federal law. Pursuant to 28 U.S.C. section 1367(a), this Court has supplemental jurisdiction over the other claims for relief in this Complaint.

2. All of the conduct described herein occurred within the County of Nevada, California. Venue lies in the Eastern District of California pursuant to 28 U.S.C. section 1391(b)(2).

## EXHAUSTION OF GOVERNMENT TORT CLAIM/CCRD

3. KUHLEMIER timely filed a government tort claim with TDPUD as a precondition to the federal and state law claims alleged in this action.

4. On September 23, 2024, KUHLEMIER'S government tort claim was rejected by operation of law. On or about October 18, 2024, TDPUD sent written notice that KUHLEMIER'S claim had been rejected by operation of law.

5. KUHLEMIER timely filed a claim before California Civil Rights Department ("CCRD") and received an immediate right to sue from CCRD on October 23, 2024.

## PARTIES

6. At all relevant times in this complaint, KUHLEMIER was an employee of TDPUD.

7. Defendant TDPUD is a political subdivision of the State of California, created and existing by virtue of the law of the State of California.

## FACTUAL BACKGROUND

8. KUHLEMIER commenced her employment with TDPUD in or about 2015 as the Deputy District Clerk and Executive Assistant to the General Manager. KUHLEMIER was promoted to District Clerk in or about 2017. As the District Clerk, KUHLEMIER acts as the compliance officer for federal, state, and local statutes including the Political Reform Act, the

Asbill Law Group
100 Howe Ave.
Suite 135S
Sacramento, CA
95825
916-438-7777
www.asbilllaw.com

2
COMPLAINT – KUHLEMIER v. TDPUD

Brown Act, and the Public Records law. She was also responsible for ensuring that all contracts being extended and/or entered into by TDPUD complied with the strict provisions and requirements of the Department of Industrial Relations ("DIR") relating to the contractor being registered with the DIR and paying prevailing wages to its employee, among other requirements of the potential contractor/vendor.

9. From 2015 until approximately 2022, KUHLEMIER performed these job duties efficiently and was praised for her knowledge and experience as it related to public contracts and other job duties associated with her position.

10. In or about July of 2021, Brain Wright was hired as the General Manager for TDPUD. Based upon KUHLEMIER's experience and interaction with Mr. Wright he had limited experience and knowledge as it related to the strict requirements for qualification and awarding public contracts, Brown Act requirement, public records, amongst other things.

11. KUHLEMIER also perceived other individuals brought into the TDPUD had very limited public works, public contract, prevailing wage, and public procurement experience. As a direct result when the annual procurement process commenced in 2022 there was a conflict of interest created with the Chief Financial Officer, Michael Salmon, and the General Services Manager, Brian Yohn. As best as possible, KUHLEMIER attempted to provide training and guidance on the proper procedures to these new employees related to the legal requirements of performing their job duties.

12. In early 2022 KUHLEMIER and R. Cooley, the Contract Administrator, continuously raised concerns specifically related to contractors not paying prevailing wages, contracts not in compliance with the law, the bidding process not being open and transparent, contractors not providing evidence of insurance coverage (general liability and worker's compensation, etc.), and obtaining appropriate Board approval on contracts. KUHLEMIER and Ms. Cooley's efforts were met with resistance by Mr. Salmon, CFO, and Mr. Yohn, GSM. KUHLEMIER and others in the office began hearing Mr. Salmon and Mr. Yohn make statements that "[t]he problem is at the end of the hall. We will get rid of that." These statements from these individuals all stemmed from KUHLEMIER and Ms. Cooley questioning the legality

Asbill Law Group
100 Howe Ave.
Suite 135S
Sacramento, CA
95825
916-438-7777
www.asbilllaw.com

3
COMPLAINT – KUHLEMIER v. TDPUD

of contracts and the potential exposure to liability by the TDPUD for failing to follow prevailing wage laws and public contract laws which pertain to TDPUD.

13. Throughout the summer of 2022, KUHLEMIER sought the assistance of Mr. Wright, GM, as it related to the rising tensions between Mr. Salmon, Mr. Yohn and Ms. Cooley and herself. Mr. Wright did little if anything to address the issues being raised by KUHLEMIER. Instead, KUHLEMIER became the target of systematic retaliation. In November of 2022, KUHLEMIER was removed from her team and those she provided direct supervision by requiring that her desk be relocated downstairs and away from her unit. KUHLEMIER raised her concerns to Mr. Wright that this would impact her team's culture. Mr. Wright indicated that this move was part of larger move which would be completed by the spring of 2023 in completion of his vision to move his office to the first floor.  KUHLEMIER is informed, believes, and thereon alleges this project was not commenced until late summer 2024. This act of moving KUHLEMIER was in retaliation for her protected activity and was an attempt to alienate and ostracize from others including her team.

14. In December of 2022 TDPUD received a Christmas gift from R.K. Contractors, a contracted contractor of the TDPUD. R.K. Contractors was also a personal friend of Mr. Wright. As the gift exceeded/violated Fair Political Practices Commission ("FPPC") KUHLEMIER instructed that the gift be returned to R.K. Contractors. Mr. Wright was very angry that the gift had been returned and expressed his anger to KUHLEMIER.

15. Throughout 2022 Mr. Salmon and Jillian Steward, Director of Human Resources and Risk were frequently sending contracts to Mr. Wright to execute without going through the typical process and were bypassing the Clerk and the Contract Administration team. This practice was in violation of District policies that were in place to ensure that public contracts, public process and public procurements were handled with parity to TDPUD's standards and adhered to the legal requirements related to public works contracts. KUHLEMIER attempted on many occasions to address these concerns with Mr. Wright.

16. In February of 2023 there was an email with the Town which confirmed that the TDPUD needed to pay prevailing wages for specific service contracts and register those with

Asbill Law Group
100 Howe Ave.
Suite 135S
Sacramento, CA
95825
916-438-7777
www.asbilllaw.com

4
COMPLAINT – KUHLEMIER v. TDPUD

the DIR. This requirement was further confirmed by TDPUD's counsel, Mr. Gross. Mr. Wright instructed KUHLEMIER to not implement these requirements despite having clear directive from TDPUD's counsel that service contracts were to be registered with the DIR and prevailing wages were to be paid. This directive is in direct violation of California Labor Code §1773.3. (Cal. Labor C. §1773.3 – Requires Public Agencies to provide notice to DIR within 30 days of awarding a contract of the contract.) The willful failure to provide notice of these contracts could subject the TDPUD to ineligible of receive funding or financial assistance for any construction project for one year. (Cal. Labor C. §1733.3(g).)

17. In response to the issues being raised related to closing out agreements, KUHLEMIER meet with Mr. Salmon and had oral agreed upon a process to assist in resolving these issues. When KUHLEMIER sent out an email to staff outlining the procedure, she believed she and Mr. Salmon had agreed upon, Mr. Salmon responded to the staff email refuting the agreed upon process. When KUHLEMIER sought further clarification from Mr. Salmon and Mr. Wright, neither would respond to her.

18. KUHLEMIER again in an effort to ensure that TDPUD's public works contracts complied with the law, met with Mr. Wright. They discussed that it would be appropriate to put together a procurement committee. This committee would address any lingering contractual issues and ensure a process was put in place moving forward. This committee met. After the meeting KUHLEMIER discussed with Mr. Wright at how productive the meeting was. Mr. Wright without explanation directed that these committee meetings were to stop meeting. In mid-April 2023, KUHLEMIER lodged a complaint with Mr. Wright as it related to an incident involving Mr. Salmon, engaging in potential gender and sexual harassment where he stood in close proximity to KUHLEMIER while she was seated at her desk, with her back to him, on two separate occasions, and would on numerous occasions, slam his fist on the meeting room table, grab papers off of KUHLEMIER's desk out saying anything, roll his eyes at her and cuss at her and/or about topic they were discussing. KUHLEMIER felt his conduct was intentionally intimidating and it made her uncomfortable, especially in the light of the history Mr. Salmon had in inappropriate conduct with female employees of TDPUD. Coupled with the continued

Asbill Law Group
100 Howe Ave.
Suite 135S
Sacramento, CA
95825
916-438-7777
www.asbilllaw.com

5
COMPLAINT – KUHLEMIER v. TDPUD

tension between her division and Mr. Salmon's continued conduct of not adhering to proper procedure and protocol related to public contacts.

19. In April 2023, there was an email and memo about Tholl Fencing not being registered with DIR but had submitted a bid. (Cal. Labor C. §§1725.5, 1771.1) Mr. Wright permitted Tholl to be onsite performing work in 2022 through 2023 without a fully executed contract, insurance, or DIR job registration for prevailing wages. A clear violation of the provisions of California Labor Code §1720 *et seq.*

20. In May 2023, the issue surrounding the Tholl contract. Specifically, whether the individual signing for Tholl had the authority to do so. As the District was being requested to rely on the apparent authority of the signer. KUHLEMIER requested Mr. Wright seek directive from Mr. Gross, District Counsel, on the issue. There was no follow up from Mr. Wright on this issue.

21. During this same time period, Truckee Overhead Door, was onsite performing services without a bid, contract, insurance, prevailing wage or DIR registration.

22. On May 15, 2023, KUHLEMIER, Mr. Wright and Mr. Salmon met to discuss on the ongoing contract issues. KUHLEMIER completed two updated memos on the ongoing serious contract issues.

23. In June 2023 an Ice Cream Truck was on site with no insurance and no contract.

24. Given the continued tension between KUHLEMIER, her team, and Mr. Salmon she had requested that an outside consultant be retained that could assist in rebuilding/repairing the relationship so that everyone could work professionally and in compliance with the law. KUHLEMEIR also asked the consultant to be from out of Sacramento and have working knowledge of public agencies, public work contracts, and had clerk consultants. In this regard, Mr. Wright indicated he wanted KUHLEMIER to meet with Cyrus Abhar, an associate with P. Hurt-Hobday's Consulting firm. KUHLEMIER had requested that she not be required to meet with anyone associated with P. Hurt-Hobday's firm because she felt that this company, specially, Pam Hurt-Hobday's was not keeping the information confidential and had a conflict of interest in the services she was providing to TDPUD. Despite, KUHLEMIER's request and

Asbill Law Group
100 Howe Ave.
Suite 135S
Sacramento, CA
95825
916-438-7777
www.asbilllaw.com

6
COMPLAINT – KUHLEMIER v. TDPUD

expression of her concerns of this relationship, Mr. Wright advised her that she would need to meet with Mr. Abhar.

25. On or about June 5, 2023, KUHLEMIER reported to Mr. Abhar that she had an incident back in April where Mr. Salmon had made her uncomfortable, in addition, to the other issues that existed, i.e., contract violations. Mr. Salmon and Mr. Wright were present during this conversation with Mr. Abhar.

26. On June 21, 2023, Mr. Salmon and KUHLEMIER had a meeting regarding the budget. During this meeting Mr. Salmon advised KUHLEMIER that the General Manger and Board's budgets were no longer her responsibility. These had been her responsibilities for the past 8 years. Having these responsibilities taken away from her within ten (10) days of reporting to Mr. Abhar that Mr. Salmon's conduct had made her uncomfortable left KUHLEMIER feeling as if this was continued retaliation for her protected activity.

27. After KUHLEMIER's meeting with Mr. Abhar, Mr. Wright would avoid her and not speak to her. He canceled their weekly meeting on the 12th and moved it to the 13th. At the time of the meeting, Mr. Wright indicated they needed to go to human resources. Mr. Wright expressed to KUHLEMIER that he was angry she had expressed to Mr. Abhar that Mr. Salmon made her uncomfortable. Mr. Wright also indicated he would adjust the outcome of any investigation and expressed where he would do that.

28. Between June 8th and 15th, an issue arose as it related to a landscaping services contract. The proposal had been negotiated through the public bidding process; however, the contractor did not have an active DIR registration/number. In addition, after Board approval of the contract, the contractor submitted three different varying proposals. KUHLEMIER wrote a memo on these various issues and provided it to Mr. Wright. Despite knowing the contractor was not actively registered with the DIR and had submitted additional proposal after the bidding process had been completed, Mr. Wright directed KUHLEMIER to authorize and sign the contract. KUHLEMIER told Mr. Wright she could not and would not at that point sign the contract. Ultimately KUHLEMIER and her team worked with the contractor in updating its DIR registration so that contract could be entered into. However, Mr. Wright behavior toward

Asbill Law Group
100 Howe Ave.
Suite 135S
Sacramento, CA
95825
916-438-7777
www.asbilllaw.com

7
COMPLAINT – KUHLEMIER v. TDPUD

KUHLEMIER was hostile and added to an already tense work environment because she refused to violate the California public works/prevailing wage requirements.

29. Subsequently, and in continued retaliation, Mr. Wright removed KUHLEMIER's access to his calendar and started taking task normally assigned to her and reassigning them too others.

30. In a July 2023 meeting with Mr. Wright, KUHLEMIER inquired whether they should be implementing the prevailing wage with the service agreements during annual procurements. Mr. Wright indicated he would confer with Mr. Gross regarding this and get back to KUHLEMIER. KUHLEMIER never received a response.

31. On or about July 23, 2023, KUHLEMIER noted and reported that Fringe Studios, George Bennet, was working on an expired contract.

32. On or about August 15, 2023, the truck rental process and contract was not following the proper process. Mr. Wright, however, approved it to be signed by whomever for "business purposes," even though that individual is/was not an authorized signer. KUHLEMIER wrote a memo outlining the process for best management practices for authorized contract signers.

33. It came to KUHLEMIER's attention that the IT department was circumventing the contract process through Mr. Wright. She drafted and submitted a memo to Mr. Wright on the issue.

34. On August 28, 2023, Mr. Wright provided KUHLEMIER with the summary of the investigation conducted by Shaw Law Group related to Mr. Salmon. The investigation failed to make a determination of whether Mr. Salmon's behavior was related to gender discrimination/sexual harassment because KUHLEMIER had not utilized the terminology or words that Mr. Salmon's conduct may have been motivated by gender animosity but did conclude that his conduct more likely than not made KUHLEMIER uncomfortable. Mr. Salmon had several past incidents of allegations of gender/sexual harassment with other women employed by TDPUD.

35. On September 5, 2023, Mr. Wright informed KUHLEMIER that she would be

Asbill Law Group
100 Howe Ave.
Suite 135S
Sacramento, CA
95825
916-438-7777
www.asbilllaw.com

8
COMPLAINT – KUHLEMIER v. TDPUD

placed on a performance matrix, 30, 60, 90-day check-in. He stated that as a District Clerk, her skills were excellent and her advice was instrumental, but her lack of trust in Mr. Salmon and Ms. Steward needed immediate improvement.

36. After this meeting KUHLEMIER would weekly inquire about the status of the performance matrix. Mr. Wright would indicate he had not had time to prepare it and appeared agitated when she inquired about the document. There were days when Mr. Wright would not look at, address, or speak to KUHLEMIER. KUHLEMIER perceived the conduct to be continued retaliation for her protected activity and continued ostracization of KUHLEMIER from the executive team.

37. On October 2, 2023, KUHLEMIER took Mr. Wright a few annual procurement memos from Mr. Yohn, GSM to sign. As he had done the year pervious Mr. Wright took many of the memo to Mr. Salmon to discuss with him. One of those contracts was a vehicle services contract. KUHLEMIER again raised the issue/concern as it related to prevailing wage and DIR registration for service contracts and outstanding issues, like Tholl. Mr. Wright signed the memo and directed her to process without the prevailing wage component for service contracts.

38. During this same meeting KUHLEMIER again inquired about whether there were any complaints with the Annual Procurements and process this year. Mr. Wright indicated there was none. KUHLEMIER again advised him that Admin Services, Electric, and I.T. were incomplete and potentially would require bi-monthly board meeting in 2024, as a result.

39. KUHLEMIER noted on the October 4th Board meeting agenda there was a request from IT for a special services contract, which was a public works project and raised the issue to Mr. Wright. The agenda had to be altered twice, as Mr. Wright would not listen to what the situation was or that the contract had not been completed even though the memo indicated it.

40. On October 6, 2023, Mr. Wright and Ms. Steward advised KUHLEMIER that several members of her team had complained about having high stress and fear in the last month of KUHLEMIER and Ms. Cooley and that there was favoritism occurring. During this same time frame KUHLEMIER had been documenting performance issues related to two employees that filed a complaint and KUHLEMIER was informed that only one of these individuals would

Asbill Law Group
100 Howe Ave.
Suite 135S
Sacramento, CA
95825
916-438-7777
www.asbilllaw.com

9
COMPLAINT – KUHLEMIER v. TDPUD

be reassigned to a new supervisor. It should also be noted that one of the individuals that allegedly lodged a complaint against KUHLEMIER later recanted and stated that she had felt pressured by Mr. Wright and Ms. Steward to file a complaint against KUHLEMIER and Ms. Cooley.

41. Given the continued pattern of hostility and retaliation KUHLEMIER was being subjected to, she requested to take the 10th and 11th off of work as she had already scheduled to be off on the 9th, 12th and 13th. On or about October 9th, KUHLEMIER received a text message from Mr. Wright wherein he directed her to advise Ms. Cooley that she was to report to him during KUHLEMIER's absence. This requirement and change in reporting during KUHLEMIER's absence to Mr. Wright had never occurred prior to this date.

42. On October 10th, Mr. Wright directed Ms. Cooley to allow the Tholl Fence contract to go through without an authorized verified signer.

43. On October 11, 2023, at 7:00 p.m. KUHLEMIER received an email from Mr. Wright wherein he placed her on paid administrative leave and that a meeting would be scheduled to discuss her return to work. The meeting never occurred, the paid administrative leave was extended two days, and KUHLEMIER returned to work the 18th.

44. On October 17, 2023, KUHLEMIER submitted a letter to the Board of Director's seeking assistance with the ongoing issues she was having with Mr. Wright and Mr. Salmon. KUHLEMIER's communication specifically mentioned that she believed public works contracts were being violated, exposing TDPUD to liability. KUHLEMIER further indicated that she believed she would be terminated for coming to the Board for assistance. Mr. Wright and Ms. Stewart were included on this communication to the Board.

45. Within 24 hours after submitting her complaint KUHLEMIER's email access was pulled and access to the file and records she had been working on was denied. By 4:30 p.m. on October 18th, KUHLEMIER had been placed on paid administrative leave and told by Mr. Wright that he was "dismissing [her] immediately," and announced to the Board that she could not come back to the District and that Ms. Kraker (the one employee who was pulled from her group) would be appointed in her place.

Asbill Law Group
100 Howe Ave.
Suite 135S
Sacramento, CA
95825
916-438-7777
www.asbilllaw.com

10
COMPLAINT – KUHLEMIER v. TDPUD

46. Mr. Wright also went out into the community of Truckee and advised member of the public, other general managers and community members, employees, vendors, and consultants that there were complex issues, and she was not coming back as she could not be successful and other disparaging comments.

47. On October 19, 2023, KUHLEMIER was ordered into a meeting with Mr. Wright and Mr. Gross (TDPUD's counsel) at the law office of Porter Simon. KUHLEMIER inquired if she could have representation of her choosing at the meeting and was advised she could not, and that Mr. Gross was simply present to be witness. During the meeting KUHLEMIER was told that the issues she had raised to the Board were false and they (Wright and Gross) demanded to know what documents she had to support the allegations. Throughout the meeting she was continuously asked as to what she saw as a resolution for moving forward. KUHLEMIER requested additional time so that she could thoughtfully respond to the question. She, however, left the meeting feeling as if the intent was to pressure her into simply resigning and not to come to an appropriate resolution which would allow the parties to work together in a positive manner. Or to correct any the public works contract violations that had been occurring.

48. On October 20, 2023, KUHLEMIER submitted a letter from her medical provider that indicated she needed a reasonable accommodation ("RA"). TDPUD never addressed the request for a RA.

49. On October 23, 2023, KUHLEMIER sent an email to Mr. Wright and setting forth steps that could be implemented that would permit KUHLEMIER and other employees to work in a positive manner.

50. On October 24, 2023, in another meeting at Mr. Gross' office with Mr. Gross and Mr. Wright, Mr. Wright stated he had concerns about KUHLEMIER's behavior with her staff and they thought of resigning because of her. He further indicated he was he had only broached the issue of a PIP to commence in January with her review. Which was in direct contradiction

Asbill Law Group
100 Howe Ave.
Suite 135S
Sacramento, CA
95825
916-438-7777
www.asbilllaw.com

11
COMPLAINT – KUHLEMIER v. TDPUD

of what he had indicated back in September[1]. She was then asked if she had found other employment and if her intent of sending the letter to the Board was to obtain a severance. They had continued discussions about what records of the TDPUD did KUHLEMIER possess and that she needed to return any personnel records. Mr. Wright further indicated if KUHLEMIER withdrew her complaint from the Board of Directors she could return, and they would simply reengage the PIP. Mr. Wright also offered a severance and indicated it would be supportive while she found other employment. In addition, Mr. Wright stated that KUHLEMIER's technical skills were great but the issues around contracts had created relationship issues. The meeting ended without any resolution and KUHLEMIER was still on paid administrative leave.

51. On November 2, 2023, KUHLEMIER attended a medical appointment due to the ongoing emotional distress she was suffering over the conduct of Mr. Wright and the District in retaliating against her for her protected activity.

52. KUHLEMIER also submitted complaints to the DIR and Grand Jury on November 3, 2023, and October 31, 2023, respectively and informed the Board of Directors and Mr. Wright that she had made these complaints.

53. On November 3, 2023, KUHLEMIER's medical provider placed her off of work and on FMLA/CFRA leave. Ms. KUHLEMIER was out on FMLA/CFRA from November 3rd – January 9, 2024, with a return-to-work date of January 10th.

54. On January 9th KUHLEMIER emailed Mr. Wright and advised him that she would be returning to work on January 10th. On the 9th Mr. Wright emailed KUHLEMIER and acknowledged she would be returning to work but indicated he could not meet with her to discuss the issues they had been discussing in October of 2023, prior to her leave. Therefore, her paid administrative leave was extended until January 11th.

55. On January 11th when KUHLEMIER meet with Mr. Wright he served her with a

---

[1] Prior to KUHLEMIER's protected activity all of her reviews had indicated she was meeting and exceeding her manager's expectations. These reviews under Mr. Wright had only improved and indicated she was a highly competent in her job performance. Something that also had been verbally recognized by Mr. Wright prior to KUHLEMIER's protected activity.

Asbill Law Group
100 Howe Ave.
Suite 135S
Sacramento, CA
95825
916-438-7777
www.asbilllaw.com

12
COMPLAINT – KUHLEMIER v. TDPUD

Notice of Disciplinary Action – Intent to Terminate Employment. The basis for terminating KUHLEMIER's employment all stems from her protected activity of highlighting public contract law and DIR requirements and procedures were not being followed, as well as raising issues related to Mr. Salmon's behavior that was creating a hostile work environment. The Notice of Disciplinary Action also referred to KUHLEMIER's failure to respond and interact with Mr. Wright while she was on protected leave under FMLA/CFRA and was one of the basis asserted for terminating her employment.

56. On January 30, 2024, a Skelly Hearing was held. KUHLEMIER submitted a written response, along with providing live testimony at the Skelly Hearing. On January 6, 2024, the Skelly Officer indicated he was upholding the decision to terminate KUHLEMIER's employment.

57. From approximately October 18, 2023 – July 17, 2024, KUHLEMIER was on paid administrative leave.

58. On or about June 20, 2024, TDPUD through Mr. Wright issued an Amended and Restated Notice of Disciplinary Action Intent to Terminate Employment. The Notice made specific reference to KUHLEMIER's protected activity of going to the Board with her concerns of TDPUD violating public work and prevailing wage laws, as well as again referencing KUHLEMIER's failure to interact and respond to Mr. Wright and TDPUD while she was on FMLA/CFRA leave.

59. On or about July 18, 2024, KUHLEMIER's employment was terminated, in retaliation for her protected activity and utilization of FMLA/CFRA leave.

## FIRST CAUSE OF ACTION

*(Retaliation in Violation of Labor Code §1102.5 against TDPUD)*

60. KUHLEMIER hereby re-alleges and incorporates by reference all previous allegations as though fully set forth herein.

61. At all material times herein, Labor Code § 1102.5 was in effect, and provides in pertinent part that no employer shall retaliate against an employee who has disclosed or will disclose violations and/or noncompliance of any local, state, or federal rules or regulations.

Asbill Law Group
100 Howe Ave.
Suite 135S
Sacramento, CA
95825
916-438-7777
www.asbilllaw.com

13
COMPLAINT – KUHLEMIER v. TDPUD

62. KUHLEMIER reported her reasonable suspicions about illegal, non-compliant, public works contracts to Mr. Wright, Mr. Salmon, and the Board of Directors. In addition, to other protected activity of raising concerns of gender/sexual harassment and retaliation. KUHLEMIER also made reports to the DIR and the Grand Jury. The Defendant, TDPUD, knew of KUHLEMIER's whistleblowing reports which is protected by Section 1102.5 of the Labor Code.

63. The Defendant, TDPUD, engaged in a continuous and ongoing pattern and practice of discrimination and retaliation against KUHLEMIER because she engaged in activity protected by Section 1102.5 of the Labor Code.

64. KUHLEMIER's activity protected by Section 1102.5 of the Labor Code was a contributing factor in the continuous pattern and practice of discrimination and retaliation of the Defendant, TDPUD, against KUHLEMIER as described in this complaint.

WHEREFORE KUHLEMIER prays judgment against TDPUD, as hereinafter set forth.

## SECOND CAUSE OF ACTION

*(Wrongful Termination in Violation of Public Policy Against TDPUD)*

65. KUHLEMIER hereby re-alleges and incorporates by reference all previous allegations as though fully set forth herein.

66. KUHLEMIER is informed, believes, and thereon alleges that, as alleged above, she was wrongfully terminated, including but not limited to, in violation of California Labor Code §1102.5, California Government Code §§12940, *et seq.,* 12920, *et seq.*, California Government Code §12945.2, and 29 U.S.C. §2601, *et seq.*

67. KUHLEMIER is informed, believes, and thereon alleges that TDPUD terminated her because she engaged in protected activity as set forth above. KUHLEMIER is further informed, believes, and thereon alleges TDPUD retaliated against her by terminating her because of her protected activity as stated more fully above.

68. KUHLEMIER is informed, believes, and thereon alleges that, as a proximate and legal result of TDPUD's conduct, she has suffered, among other things, the loss of wages, salary, lost future earnings, loss of retirement benefits, loss of healthcare coverage,

Asbill Law Group
100 Howe Ave.
Suite 135S
Sacramento, CA
95825
916-438-7777
www.asbilllaw.com

intangible benefits, and additional amounts of money she would have received had she not been subjected to such retaliation, in an amount according to proof and in excess of the jurisdictional limits of this Court and, on information and belief, will continue to do so in the future.

69. KUHLEMIER is informed, believes, and thereon alleges that, as a further proximate result of the above-referenced actions against her, she has suffered humiliation, embarrassment, anxiety, mortification, mental anguish, and emotional distress. Because of the retaliation and consequent harm KUHLEMIER has suffered damages and attorney's fees in an amount according to proof and in excess of the jurisdictional minimum of this Court, and on information and belief, will continue to do so in the future.

WHEREFORE, KUHLEMIER prays for judgment against TDPUD as hereinafter set forth.

## THIRD CAUSE OF ACTION

*(Discrimination in Violation of Family Medical Leave Act, 29 U.S.C. Section 2601, et seq., against Defendant TDPUD)*

70. KUHLEMIER hereby re-alleges and incorporates by reference all previous allegations as though fully set forth herein.

71. KUHLEMIER is informed, believes, and thereon alleges she was eligible for medical leave, as she was suffering from a personal serious temporary disability, and she was under the continued treatment by a healthcare provider.

72. KUHLEMIER is informed, believes, and thereon alleges she timely requested medical leave from her employer.

73. KUHLEMIER is informed, believes, and thereon alleges TDPUD, in violation of FMLA, retaliated against her for utilizing FMLA protected leave and terminated her employment because she refused to work and respond to its demands while she was on protected leave under FMLA.

74. KUHLEMIER is informed, believes, and thereon alleges her request and taking of personal medical leave under FMLA was a motivating reason for terminating her

Asbill Law Group
100 Howe Ave.
Suite 135S
Sacramento, CA
95825
916-438-7777
www.asbilllaw.com

15
COMPLAINT – KUHLEMIER v. TDPUD

employment.

75. KUHLEMIER is informed, believes, and thereon alleges TDPUD's unlawful termination of her employment has caused, and on information and belief, will continue to cause KUHLEMIER the loss of wages, salary, benefits, intangible benefits, and additional amounts of money she would have received had TDPUD not engaged in the unlawful conduct and terminated her employment.

76. KUHLMIER is informed, believes, and thereon alleges TDPUD's conduct was a substantial factor in causing her harm. Because of such discrimination and retaliation, KUHLEMIER has suffered damages and attorney's fees according to proof, and on information and belief, will continue to do so in the future.

WHEREFORE, KUHLEMIER prays for judgment against TDPUD, as hereinafter set forth.

## FOURTH CAUSE OF ACTION

*(Retaliation in Violation of Government Code §12945.2(k) against Defendant TDPUD)*

77. KUHLEMIER hereby re-alleges and incorporates by reference all previous allegations as though fully set forth herein.

78. KUHLEMIER is informed, believes, and thereon alleges she was eligible for medical leave, as she was suffering from a personal serious disability which required medical leave and treatment.

79. KUHLEMIER is informed, believes, and thereon alleges TDPUD in violation of California Government Code §12945.2(k) unlawfully and in retaliation for her protected leave terminated her employment, because she refused to work and respond to its demands while she was on protected leave under CFRA

80. KUHLEMIER is informed, believes, and thereon alleges her request and taking of personal medical leave under CFRA was a motivating reason for terminating her employment.

81. KUHLEMIER is informed, believes, and thereon alleges TDPUD's unlawful termination of her employment has caused, and on information and belief, will continue to cause

Asbill Law Group
100 Howe Ave.
Suite 135S
Sacramento, CA 95825
916-438-7777
www.asbilllaw.com

KUHLEMIER the loss of wages, salary, benefits, intangible benefits, and additional amounts of money she would have received had TDPUD not engaged in the unlawful conduct and terminated her employment.

82. KUHLMIER is informed, believes, and thereon alleges TDPUD's conduct was a substantial factor in causing her harm. Because of such discrimination and retaliation, KUHLEMIER has suffered damages and attorney's fees according to proof, and on information and belief, will continue to do so in the future.

83. KUHLEMIER is informed, believes, and thereon alleges that, as a further proximate result of the above-referenced actions against her, she has suffered humiliation, embarrassment, anxiety, mortification, mental anguish and emotional distress. Because of the retaliation and consequent harm KUHLEMIER has suffered damages and attorney's fees in an amount according to proof and in excess of the jurisdictional minimum of this Court, and on information and belief, will continue to do so in the future.

WHEREFORE, KUHLEMIER prays for judgment against TDPUD, as hereinafter set forth.

### FIFTH CAUSE OF ACTION

(*Retaliation in Violation of California Government Code §12940, et seq.*)

84. KUHLEMIER hereby re-alleges and incorporates by reference all previous allegations as though fully set forth herein.

85. KUHLEMIER is informed, believes, and thereon alleges she engaged in protected activity when she made complaints about Mr. Salmon's conduct which is reasonably believed was motivated by gender animosity.

86. KUHLEMIER is informed, believes, and thereon alleges she was subsequent advised she was going to be placed on a PIP not because of her job performance but because she could not get along with other on the executive team (i.e., Mr. Salmon) and was placed on administrative leave pending, and ultimately terminated. Within the Notice of Intent to Terminate it cited as a basis for her termination her inability to get along with "Executive Leadership Team" (i.e., Mr. Salmon and Mr. Wright). As stated above, KUHLEMIER brought forth concerns that Mr. Salmon and Mr. Wright were violating public works contract laws and

Asbill Law Group
100 Howe Ave.
Suite 135S
Sacramento, CA
95825
916-438-7777
www.asbilllaw.com

17
COMPLAINT – KUHLEMIER v. TDPUD

the Mr. Salmon had engaged and was engaging in gender discrimination within the workplace. These acts were all done in retaliation for KUHLEMIER's protected activity.

87.   As a direct and proximate result of the retaliation, KUHLEMIER has been harmed. As a further and proximate result of the above-referenced actions against KUHLEMIER, she has suffered humiliation, embarrassment, anxiety, mortification, mental anguish, and emotional distress.

88.   KUHLEMIER is informed, believes, and thereon alleges that TDPUD's retaliation has caused and will continue to cause her the loss of wages, salary, benefits, intangible and tangible benefits, and additional amounts of money she would have received had she not been retaliated against.

89.   Because of such retaliatory and consequent harm, KUHLEMIER has suffered damages and attorney's fees accordingly to proof, and on information and belief, will continue to do so in the future.

WHEREFORE, KUHLEMIER prays for judgment against TDPUD, as hereinafter set forth.

## SIXTH CAUSE OF ACTION

(*Failure to Prevent Retaliation in Violation of California Government Code §12940, et seq.*)

90.   KUHLEMIER hereby re-alleges and incorporates by reference all previous allegations as though fully set forth herein.

91.   KUHLEMIER is informed, believes, and thereon alleges she engaged in protected activity when she made complaints about Mr. Salmon's conduct which is reasonably believed was motivated by gender animosity.

92.   KUHLEMIER is informed, believes, and thereon alleges she was subjected to retaliation when she was subsequent advised she was going to be placed on a PIP; not because of her job performance but because she could not get along with other on the executive team (i.e., Mr. Salmon) and was placed on administrative leave pending, and ultimately terminated. Within the Notice of Intent to Terminate it cited as a basis for her termination her inability to get along with "Executive Leadership Team" (i.e., Mr. Salmon and Mr. Wright). As stated

Asbill Law Group
100 Howe Ave.
Suite 135S
Sacramento, CA
95825
916-438-7777
www.asbilllaw.com

18
COMPLAINT – KUHLEMIER v. TDPUD

above, KUHLEMIER brought forth concerns that Mr. Salmon and Mr. Wright were violating public works contract laws and the Mr. Salmon had engaged and was engaging in gender discrimination within the workplace. These acts were all done in retaliation for KUHLEMIER's protected activity.

93. KUHLEMIER is informed, believes, and thereon alleges TDPUD failed to take all reasonable steps to prevent the retaliation from occurring.

94. As a direct and proximate result of the retaliation, KUHLEMIER has been harmed. As a further and proximate result of the above-referenced actions against KUHLEMIER, she has suffered humiliation, embarrassment, anxiety, mortification, mental anguish, and emotional distress.

95. KUHLEMIER is informed, believes, and thereon alleges that TDPUD's retaliation has caused and will continue to cause her the loss of wages, salary, benefits, intangible and tangible benefits, and additional amounts of money she would have received had she not been retaliated against.

96. Because of such retaliatory and consequent harm, KUHLEMIER has suffered damages and attorney's fees accordingly to proof, and on information and belief, will continue to do so in the future.

WHEREFORE, KUHLEMIER prays for judgment against TDPUD, as hereinafter set forth.

///

///

///

Asbill Law Group
100 Howe Ave.
Suite 135S
Sacramento, CA
95825
916-438-7777
www.asbilllaw.com

19
COMPLAINT – KUHLEMIER v. TDPUD

## **PRAYER**

WHEREFORE, KUHLEMIER prays for judgment against TDPUD, as hereinafter set forth:

1. For special damages, where applicable;
2. For general damages, where applicable;
3. For attorneys' fees, where applicable;
4. For prejudgment interest, where applicable;
5. For costs of suit herein incurred;
6. For such other and further relief as the court may deem proper

DATED: October 25, 2024                           ASBILL LAW GROUP

By_____
   NATALIA D. ASBILL-BEAROR
   Attorney for Plaintiff
   SHANNA KUHLEMIER

Asbill Law Group
100 Howe Ave.
Suite 135S
Sacramento, CA 95825
916-438-7777
www.asbilllaw.com

20
COMPLAINT – KUHLEMIER v. TDPUD